UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ISRAEL,

      Plaintiff,

v.

PRA PORTFOLIO RECEIVABLE
MANAGEMENT, L.L.C.,
BRITTANY SMITH,
DEVIN URBANOWSKI, and
SIGNATURE RECOVERY SERVICES,

      Defendants.
_____/

Case No. 4:24-cv-13167

District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER ADDRESING SEVERAL MOTIONS (ECF Nos. 7, 13 & 15) and SETTING DEADLINES

On October 23, 2024, Plaintiff initiated this consumer credit lawsuit on his own behalf in state court against PRA Portfolio Receivable Management (PRA RM), two of its employees (Brittany Smith & Devin Urbanowski), and Signature Recovery Services. (ECF No. 1, PageID.12; *see also id.*, PageID.13-29 (Ex. Nos. 1-16).) The PRA RM Defendants removed the case to this Court on November 27, 2024. (ECF No. 1.)

Judge Kumar has referred this case to me for full pretrial matters. (ECF No. 8.) Currently before the Court are three motions:

- The PRA RM Defendants' December 4, 2024 motion for a more definite statement (ECF No. 7), as to which a response

1

  was originally due on January 10, 2025 (ECF No. 9), and Signature Recovery Services filed a notice of joinder & concurrence (ECF No. 12);

- Plaintiff's January 7, 2025 motion for extension of time to file a response (ECF No. 13), although Plaintiff subsequently filed a composite document titled "more definite statement" (ECF No. 14); and,

- Plaintiff's February 19, 2025 motion requesting default judgment (ECF No. 15).

On March 10, 2025, the Court conducted a video scheduling/status conference (ECF Nos. 16, 17), at which Plaintiff and defense counsel (Attorneys Avanti D. Bakane and James J. Hunter) appeared.

  Upon consideration of the motion papers, the discussion during the video conference, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>:  **(1)** the PRA RM Defendants' motion for a more definite statement (ECF No. 7) is **GRANTED**; **(2)** Plaintiff's motion for extension (ECF No. 13) is **GRANTED**; **(3)** Plaintiff's February 18, 2025 (ECF No. 14) is accepted as a response; and, **(4)** Plaintiff's motion requesting default judgment (ECF No. 15) is **DENIED**, because a party must seek an entry of default (*see* Fed. R. Civ. P. 55(a)) before seeking entry of default judgment (*see* Fed. R. Civ. P. 55(b), and entry of default is inappropriate

where, as here, there was a pending motion for more definite statement (*see* Fed. R. Civ. P. 12(e)).[1]

Additionally, no later than **April 10, 2025**, Plaintiff **SHALL** file an amended complaint – one that makes clear not only which individuals and/or entities are being sued, but also which statutes the specified Defendants are alleged to have violated (*e.g.*, if the Fair Debt Collection Practices Act (FDCPA), which is codified at 15 U.S.C. §§ 1692-1692p, then which section).  In drafting his amended complaint, Plaintiff's attention is drawn to Fed. R. Civ. P. 8(a) ("Claim for Relief.") and Fed. R. Civ. P. 10 ("Form of Pleadings").  Plaintiff might also consider making use of this district's form *Complaint for a Civil Case* or form *Amended Complaint for a Civil Case*, each of which is available via the Court's website (www.mied.uscourts.gov).  Moreover, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1.

No later than **May 16, 2025**, Defendants **SHALL** each file either an answer or a motion to dismiss.  Any Defendant that files an answer must also convene a

---

[1] *See Farrell v. US Bank Nat'l Ass'n,* No. 14-cv-11781, 2014 WL 12658841 (E.D. Mich. Aug. 8, 2014) (Murphy, J.) (affirming magistrate judge's denial of motion for default judgment on general pretrial referral where "entry of default judgment was procedurally inappropriate because the clerk denied Farrell's request for entry of default.")

conference with Plaintiff to put together a discovery plan and submit it to the Court. *See* Fed. Rules Civ. P. 16, 26(f). Meanwhile, discovery is **STAYED**.

A United States Magistrate Judge of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The *Notice, Consent, and Reference of a Civil Action to a Magistrate Judge* form (AO 85) is available for download at http://www.mied.uscourts.gov.

The parties must adhere to the Federal Rules of Civil Procedure, the E.D. Mich. Local Rules, and the Undersigned's practice guidelines – all of which are accessible via the Court's website (www.mied.uscourts.gov).

Finally, Plaintiff is encouraged to seek the assistance of an attorney or of the *U of D Mercy Law School Federal Pro Se Legal Assistance Clinic*, which may be contacted by phone (313-234-2690) or email (proseclinic@udmercy.edu).

**IT IS SO ORDERED.**[2]


Dated:  March 12, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4